IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN MEDICAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYAN WHITE C.A.R.E. ACT TITLE II COMMUNITY AIDS NATIONAL NETWORK, <br><br> Defendant. | CIVIL ACTION NO. 1:05-cv-02056-PLF |

### VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Ryan White C.A.R.E. Act Title II Community AIDS National Network ("TIICANN") states as follows for its Verified Answer to the Verified Complaint ("Complaint") filed by Plaintiff Martin Medical Services, Inc. ("MMS"):

1. With respect to the allegations contained in Paragraph 1 of the Complaint, TIICANN admits only that MMS maintained a place of business in the State of West Virginia, as well as office space leased from TIICANN in the District of Columbia. TIICANN is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 1 and, therefore, denies said allegations.

2. TIICANN admits the allegations contained in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required from TIICANN. However, to the extent the allegations of paragraph 3 suggest that TIICANN is liable to MMS for damages, TIICANN avers that it does not owe any amount of money to MMS.

4. The allegations contained in paragraph 4 of the Complaint constitute legal conclusions to which no response is required from TIICANN. However, to the extent the allegations of paragraph 4 suggest that TIICANN committed some act or omission giving rise to some alleged claim by MMS, TIICANN avers that it is not liable to MMS in any manner.

5. TIICANN admits the allegations contained in the first sentence of paragraph 5 of the Complaint. TIICANN denies the allegations contained in the second sentence of paragraph 5 of the Complaint.

6. To the extent the allegations contained in paragraph 6 of the Complaint purport to quote from a document that is not a true and accurate copy of the bid invitation issued for the 2001 National ADAP, TIICANN denies the allegations contained in paragraph 6.

7. With respect to the allegations contained in paragraph 7 of the Complaint, TIICANN admits only that MMS submitted a bid to provide logistical and planning services for the 2001 National ADAP Educational Forum. TIICANN denies the remainder of the allegations contained in paragraph 7 of the Complaint.

8. To the extent the allegations contained in paragraph 8 refer to the proposal submitted by MMS in connection with the 2001 National ADAP Educational Forum, TIICANN admits the allegations contained in paragraph 8 of the Complaint.

9. TIICANN admits the allegations contained in paragraph 9 of the Complaint.

10. TIICANN admits the allegations contained in paragraph 10 of the Complaint.

11. TIICANN denies, as phrased, the allegations contained in paragraph 11 of the Complaint; however, TIICANN avers that, since 2001, MMS has submitted proposed budgets for the National ADAP Educational Forum and has been selected by TIICANN to plan and organize each National ADAP Educational Forum from 2001 through 2005.

## **COUNT I (Breach of 2004 Contract)**

12.     TIICANN repeats and incorporates its responses to paragraphs 1 through 11 as if fully set forth herein.

13.     TIICANN denies, as phrased, the allegations contained in paragraph 13 of the Complaint; however, TIICANN avers that MMS submitted a proposed budget for the provision of planning, organizing, and support services for the 2004 National ADAP Educational Forum.

14.     TIICANN denies, as phrased, the allegations contained in paragraph 14 of the Complaint; however, TIICANN avers that MMS submitted several revisions of its proposed budget to TIICANN and that TIICANN noted its approval of a final version of the proposed budget submitted by MMS for the 2004 National ADAP Educational Forum by having its CEO William E. Arnold write "OK 20-1-04" and sign his name on a final version of the proposed budget. TIICANN denies that it owes any amount to MMS for the 2004 National ADAP Educational Forum.

15.     TIICANN denies, as phrased, the allegations contained in paragraph 15 of the Complaint; however, TIICANN avers that it approved a final version of a proposed budget submitted by MMS for the provision of services in connection with the 2004 National ADAP Educational Forum. TIICANN denies that it owes any amount to MMS for the 2004 National ADAP Educational Forum.

16.     TIICANN denies the allegations contained in paragraph 16 of the Complaint.

17.     TIICANN denies the allegations contained in paragraph 17 of the Complaint.

18.     TIICANN denies the allegations contained in paragraph 18 of the Complaint.

19.     TIICANN denies the allegations contained in paragraph 19 of the Complaint.

20.     TIICANN denies the allegations contained in paragraph 20 of the Complaint.

21. TIICANN denies the allegations contained in paragraph 21 of the Complaint.

22. TIICANN denies the allegations contained in paragraph 22 of the Complaint.

TIICANN denies that MMS is entitled to any of the relief requested in the *ad damnum* provision contained in Count I of the Complaint.

### COUNT II (Breach of 2005 Contract)

23. TIICANN repeats and incorporates its responses to paragraphs 1 through 22 and its response to the *ad damnum* provision of Count I as if fully set forth herein.

24. TIICANN denies, as phrased, the allegations contained in paragraph 24 of the Complaint; however, TIICANN avers that MMS submitted a proposed budget for the provision of planning, organizing, and support services for the 2005 National ADAP Educational Forum.

25. TIICANN denies, as phrased, the allegations contained in paragraph 25 of the Complaint; however, TIICANN avers that MMS submitted several revisions of its proposed budget to TIICANN and that TIICANN noted its approval of a final version of the proposed budget submitted by MMS for the 2005 National ADAP Educational Forum by having William Arnold sign and date a final version of the proposed budget. TIICANN denies that it owes any amount to MMS for the 2005 National ADAP Educational Forum.

26. TIICANN denies, as phrased, the allegations contained in paragraph 26 of the Complaint; however, TIICANN avers that it entered into an agreement with MMS for the provision of services in connection with the 2005 National ADAP Educational Forum and approved a final version of a proposed budget submitted by MMS for the provision of such services. TIICANN denies that it owes any amount to MMS for 2005 National ADAP Educational Forum.

27.     With respect to the allegations contained in paragraph 27 of the Complaint, TIICANN admits only that a copy of the final version of the proposed budget approved by TIICANN for the 2005 National ADAP Educational Forum is attached to the Complaint as Exhibit 4. TIICANN denies the remainder of the allegations contained in paragraph 27 of the Complaint.

28.     TIICANN denies the allegations contained in paragraph 28 of the Complaint.

29.     TIICANN denies the allegations contained in paragraph 29 of the Complaint.

30.     TIICANN denies the allegations contained in paragraph 30 of the Complaint.

31.     TIICANN denies the allegations contained in paragraph 31 of the Complaint.

32.     TIICANN denies the allegations contained in paragraph 32 of the Complaint.

33.     TIICANN denies the allegations contained in paragraph 33 of the Complaint.

TIICANN denies that MMS is entitled to any of the relief requested in the *ad damnum* provision contained in Count II of the Complaint.

### COUNT III (Unjust Enrichment)

34.     TIICANN repeats and incorporates its responses to paragraphs 1 through 33 and its responses to the *ad damnum* provisions of Counts I and II as if fully set forth herein.

35.     TIICANN denies the allegations contained in paragraph 35 of the Complaint.

36.     TIICANN denies the allegations contained in paragraph 36 of the Complaint.

37.     TIICANN denies the allegations contained in paragraph 37 of the Complaint.

38.     TIICANN denies the allegations contained in paragraph 38 of the Complaint.

TIICANN denies that MMS is entitled to any of the relief requested in the *ad damnum* provision contained in Count III of the Complaint.

39. TIICANN specifically denies that it breached any duties or obligations to MMS or committed any of the allegedly wrongful acts set forth in MMS' Complaint and further denies that MMS is entitled to any award of damages, pre-judgment or post-judgment interest, any award of attorneys' fees and costs, or other relief from TIICANN.

40. TIICANN denies each and every allegation set forth in MMS' Complaint that is not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. MMS' Complaint fails to state any claim against TIICANN upon which relief can be granted.

2. MMS' claims are barred, in whole or in part, by the doctrine of laches.

3. TIICANN has not breached any duties or obligations owed to MMS.

4. MMS' claims are barred, in whole or in part, because MMS committed material breaches of the duties and obligations required of it under its agreements with TIICANN.

5. MMS' claims are barred, in whole or in part, because, upon information and belief, MMS breached the duties of good faith and loyalty owed to TIICANN.

6. MMS' claims are barred because MMS released TIICANN from the terms and conditions of the alleged 2004 contract.

7. MMS' claims are barred by the payments received and accepted by MMS from TIICANN and/or others on behalf of TIICANN.

8. TIICANN is entitled to an offset against any alleged amounts owed to MMS for TIICANN's payment of obligations owed by MMS to third-parties and for TIICANN's forgiveness of debts owed to it by MMS.

9. MMS' claims are barred to the extent that TIICANN has paid more than the amount allegedly owed to MMS and, therefore, is owed a refund of the excess payment.

10. MMS' claims are barred, in whole or in part, because MMS and TIICANN agreed to modify the terms of the alleged 2004 contract and TIICANN has complied with the terms of the alleged modified contract.

11. MMS' claims for breach of the alleged 2004 contract are barred, in whole or in part, by the doctrine of novation.

12. MMS' claims are barred, in whole or in part, to the extent that MMS is seeking amounts in excess of those allegedly owed under the agreements with TIICANN.

13. MMS' claims are barred, in whole or in part, because, at all relevant times, TIICANN acted in good faith and in accordance with the law.

14. MMS' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

15. TIICANN did not commit the wrongs alleged in MMS' Complaint.

16. TIICANN is not indebted to MMS as alleged in the Complaint.

17. MMS' claims are barred, in whole or in part, to the extent that MMS has failed to mitigate its damages.

18. TIICANN denies that MMS is entitled to any relief, including, but not limited to, compensatory damages, interest of any kind, or an award of attorneys' fees and costs.

19. TIICANN reserves the right to assert further affirmative and other defenses as they become evident through investigation and discovery or at trial.

WHEREFORE, having fully answered and responded to MMS' Complaint, TIICANN prays that this Court dismiss MMS' Complaint, render judgment in TIICANN's favor, award

TIICANN the costs and attorneys' fees incurred in this matter, and award TIICANN such other and further relief as this Court deems just and proper.

Dated: this 19th day of December, 2005    Respectfully submitted,

By:_____/s/_____.
David A. Rosenberg
D.C. Bar No. 433405

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC  20036
(202) 719-2000

*Attorneys for Defendant Ryan White C.A.R.E. Act Title II Community AIDS National Network*

## VERIFICATION OF WILLIAM E. ARNOLD

DISTRICT OF COLUMBIA,
CITY OF WASHINGTON, to-wit:

I, William E. Arnold, after having been duly sworn state as follows:

1.     My name is William E. Arnold. I am over the age of 18 years and am duly competent to make this Declaration. I have personal knowledge of all the facts stated herein, and all stated facts are true and correct.

2.     I am employed by Ryan White C.A.R.E. Act Title II Community AIDS National Network ("TIICANN") as its Chief Executive Officer. I have been employed in this position during all times relevant to the claims made in the Verified Complaint, and, in such capacity, I am authorized to make this Declaration on behalf of TIICANN.

3.     I have reviewed the factual allegations set forth in the Verified Complaint filed by Plaintiff Martin Medical Services, Inc. ("Plaintiff"). Additionally, I have reviewed the responses to Plaintiff's factual allegations set forth in the foregoing Verified Answer. TIICANN's responses to Plaintiff's factual allegations are true and correct.

4.     TIICANN issued a request for proposals to provide planning and logistical services for the 2001 National ADAP Educational Forum in early 2001. However, the document attached to Plaintiff's Verified Complaint as Exhibit 1 is not a true and correct copy of the invitation for bids issued by TIICANN in connection with the 2001 National ADAP Educational Forum.

5.     The document attached to Plaintiff's Verified Complaint as Exhibit 2 is not a true and correct copy of the final version of the proposed budget approved by TIICANN in connection with the 2004 National ADAP Educational Forum.

6.      The document attached to Plaintiff's Verified Complaint as Exhibit 3 is not a true and correct copy of an invoice concerning the alleged outstanding balance owed to Plaintiff in connection with the 2004 National ADAP Educational Forum. TIICANN does not owe any amount to Plaintiff for the 2004 National ADAP Educational Forum.

7.      The document attached to Plaintiff's Verified Complaint as Exhibit 4 is a true and correct copy of the final version of the proposed budget approved by TIICANN in connection with the 2005 National ADAP Educational Forum.

8.      The document attached to Plaintiff's Verified Complaint as Exhibit 5 is not a true and correct copy of an invoice concerning the alleged outstanding balance owed to Plaintiff in connection with the 2005 National ADAP Educational Forum. TIICANN does not owe any amount to Plaintiff for the 2005 National ADAP Educational Forum.

9.      Plaintiff is not entitled to the amounts sought in its Verified Complaint.

FURTHER DECLARANT SAYETH NOT.

I solemnly affirm under the penalties of perjury that the contents of the foregoing Declaration are true and correct.

_____
WILLIAM E. ARNOLD
CEO, Ryan White C.A.R.E. Act
Title II Community AIDS National
Network

SWORN to and SUBSCRIBED before me, the undersigned notary public, by William E. Arnold on the __14__ day of __December__, 2005.

_____
Notary Public

My Commission Expires: My Commission Expires June 30, 2010

DC:57631.1