IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN MEDICAL SERVICES, INC.,<br>    Plaintiff,<br><br>v.<br><br>RYAN WHITE C.A.R.E. ACT TITLE II<br>COMMUNITY AIDS NATIONAL<br>NETWORK<br><br>    Defendant | Civil No.1:05-cv-02056 PLF |

MARTIN MEDICAL SERVICES, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF
RYAN WHITE C.A.R.E. ACT TITLE II COMMUNITY AIDS NATIONAL NETWORK

COMES NOW the Plaintiff/Counter-Defendant, Martin Medical Services, Inc. ("MMS"), by counsel and responds to the Counterclaim filed by Defendant/Counter-Plaintiff Ryan White C.A.R.E. Act Title II Community AIDS National Network ("Defendant/Counter-Plaintiff") as follows:

1.  Admit.

2.  MMS admits that it is a corporation with its principle place of business being West Virginia. MMS denies that it "leases" any office space from TIICANN.

3.  MMS admits that, since 1988, it has provided event planning and logistical support services for various regional and national conferences and meetings sponsored by TIICANN. MMS denies that TIICANN has provided MMS with the exclusive opportunity to provide such services. MMS avers that TIICANN has submitted such opportunities to a bid process and that such opportunities were subsequently awarded to MMS.

LAW OFFICES
BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2000 NORTH FOURTEENTH STREET
ARLINGTON, VIRGINIA 22201

4. Admit.

5. Admit.

6. Denied.

7. Admit.

8. MMS avers that the 2005 Contract speaks for itself and denies each and every allegation in variance with the terms of the 2005 Contract. MMS denies the remaining allegations set forth in this Paragraph.

9. MMS admits that the document attached to the Counterclaim as Exhibit 1 appears to be a copy of the Estimated Event Budget for the 2005 National ADAP Educational Forum. MMS avers that the 2005 Contract speaks for itself and denies each and every allegation in variance with the terms of the 2005 Contract.

10. MMS admits that TIICANN approved the Estimated Event Budget attached to the Counterclaim as Exhibit 1. MMS avers that the 2005 Contract speaks for itself and denies each and every allegation in variance with the terms of the 2005 Contract.

11. MMS avers that the allegations of this Paragraph call for MMS to render a legal conclusion and that MMS is not required to provide such conclusion pursuant to the Federal Rules of Civil Procedure. To the extent that a response is required, MMS denies each and every allegation set forth in this Paragraph.

12. Admit.

13. Admit.

14. MMS admits that on or about July 21, 2005, it tendered $30,000.00 to the Hilton Washington. MMS denies the remaining allegations set forth in this Paragraph.

15. Denied.

16. Denied.

17. Denied.

18. Admit.

19. Denied.

20. MMS repeats each and every previous response as if fully set forth herein.

21. MMS avers that the allegations of this Paragraph call for MMS to render a legal conclusion and that MMS is not required to provide such conclusion pursuant to the Federal Rules of Civil Procedure. To the extent that a response is required, MMS denies each and every allegation set forth in this Paragraph.

22. MMS avers that the 2005 Contract speaks for itself and denies each and every allegation in variance with the terms of the 2005 Contract. MMS denies the remaining allegations set forth in this Paragraph.

23. Denied.

24. Denied.

25. Denied.

26. MMS repeats each and every previous response as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. MMS repeats each and every previous response as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. MMS denies each and every allegation to which it has not previously responded.

## AFFIRMATIVE DEFENSES

MMS, by counsel, presents these Affirmative Defenses to the Counterclaim filed by TIICANN as follows:

1. MMS avers that TIICANN has failed to mitigate its damages, if any.

2. MMS avers that TIICANN fails to state a claim upon which relief may be granted.

3. The doctrine of accord and satisfaction bars TIICANN's claim(s).

4. The doctrine of waiver bars TIICANN's claim(s).

5. The doctrine of laches bars TIICANN's claim(s).

6. TIICANN's claim is barred by the applicable statute of limitations.

7. MMS avers that MMS is entitled to a set off against monies claimed to be owed.

8. MMS avers that MMS is entitled to a recoupment against monies claimed to be owed.

9. The doctrine of payment bars TIICANN's claim(s).

10. TIICANN's claim is barred by the Statute of Frauds.

11. TIICANN's damages, if any, arise from the actions or omissions of other parties of which MMS has no control.

12. MMS reserves the right to assert any further affirmative defenses which it later determines are available and appropriate.

WHEREFORE, having fully responded to the Counterclaim, Martin Medical Services, Inc. prays this Court to dismiss the Counterclaim, with prejudice, and for any further relief deemed just and proper by this Court.

MARTIN MEDICAL SERVICES, INC.
By Counsel

BEAN, KINNEY & KORMAN, P.C.

\_\_\_\_/s/ Christopher A. Glaser_____
James V. Irving, Esquire, D.C. Bar No. 414422
Christopher A. Glaser, Esquire, D.C. Bar No. 463583
2000 N. 14th Street, Suite 100
Arlington, VA 22201
(703) 525-4000 / (703) 525-2207 (fax)
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was forwarded, via ECF on this 9th day of February 2006 to:

David A. Rosenberg, Esq.
Randy C. Sparks, Esq.
Ford & Harrison LLP
1300 19th Street, N.W.
Suite 700
Washington, DC 20036
(202) 719-2077 (Facsimile)

\_\_\_\_/s/ Christopher A. Glaser_____
Christopher A. Glaser, Esquire

5